1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | | |
|---|---|---|
| MARK E. SUNNERGREN, | ) | No. C 10-2690 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | DEFENDANTS' MOTION TO |
| v. | ) | DISMISS; GRANTING IN PART |
| | ) | AND DENYING IN PART |
| SHERIFF GREGORY AHERN and | ) | DEFENDANTS' MOTION TO |
| DEPUTY GEORGE ARNOLD, | ) | STRIKE; DIRECTING |
| | ) | DEFENDANTS TO FILE |
| Defendants. | ) | DISPOSITIVE MOTION OR |
| | ) | NOTICE REGARDING SUCH |
| | ) | MOTION |

18

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42

19

U.S.C. § 1983 against employees of the Alameda County Sheriff's Department.  Plaintiff's

20

motion for leave to proceed in forma pauperis is granted in a separate order.  The procedural

21

history of this action is a bit unusual.  Normally, when a *pro se* prisoner plaintiff files a federal

22

civil rights action, the Court undertakes an initial screening of the complaint to determine what,

23

if any, claims are cognizable.  Then, if the Plaintiff was proceeding in forma pauperis, the Court

24

would order service upon the named Defendants and direct the Defendants to file a dispositive

25

motion.

26

Here, however, Plaintiff filed a civil rights complaint on June 21, 2010.  On July 12,

27

2010, Plaintiff filed an amended complaint.  On July 30, 2010, Defendants appeared in this

28

action and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and a motion

Order Denying Defendants' Motion to Dismiss; Granting in Part and Denying in Part Defendants' Motion to Strike;
Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Sunnergren690srv.wpd

1     to strike under Federal Rule of Civil Procedure 12(f).[1]  Plaintiff has filed an opposition, and

2     Defendants filed a reply.  Rather than dismissing both motions as premature, the Court will

3     screen the amended complaint first, and then address the pending motions.

4                                  **DISCUSSION**

5     A.    Preliminary Screening

6          I.     Standard of Review

7          A federal court must conduct a preliminary screening in any case in which a prisoner

8     seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

9     28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

10     any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

11     seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

12     § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

13     *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

14          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

15     (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

16     the alleged violation was committed by a person acting under the color of state law.  *See West v.*

17     *Atkins*, 487 U.S. 42, 48 (1988).

18          II.    Plaintiff's Claims

19          Plaintiff claims that on September 1, 2007, he was housed at the Santa Rita Jail.  That

20

21 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

22       [1]  Because Defendants did not raise a motion pursuant to Rule 12(b)(4) (challenging
sufficiency of process) or 12(b)(5) (challenging sufficiency of service), they have waived their

23     right to object to it.  Federal Rule of Civil Procedure 12 promotes the early presentation of
preliminary defenses.  Rule 12(g) requires that a party who raises a defense through a pre-answer

24     motion raise all such possible defenses in a single motion; omitted defenses cannot be raised in a
second, pre-answer motion.  Rule 12(h) imposes an even higher burden with respect to the

25     failure to raise certain specific defenses, including insufficiency of process, and insufficiency of
service of process.  If a party files a pre-answer motion, but does not raise one of the defenses

26     listed in Rule 12(h), that party waives the omitted defense and cannot subsequently raise it in his
answer or otherwise.  *See Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986), *reversed*

27     *on other grounds*, 487 U.S. 412 (1988).  Thus, the Court finds that Defendants have been
properly served.

28

Order Denying Defendants' Motion to Dismiss; Granting in Part and Denying in Part Defendants' Motion to Strike;
Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Sunnergren690srv.wpd   2

day, he was eating dinner in his cell when Defendant Arnold opened the door to the cell, walked in, and pushed Plaintiff, breaking Plaintiff's eyeglasses in the process.  Arnold directed Plaintiff to "cuff up."  Once Plaintiff complied, Arnold wrenched Plaintiff's arms up over his head and forced Plaintiff onto the second floor stairs.  Plaintiff called out for help.  Arnold then ran Plaintiff down the stairs and threw him down half a flight of stairs.  Arnold then jumped on top of Plaintiff and proceeded to beat him ten to fifteen times on the head, neck, and torso with his fists.  At some point, other deputies came to Plaintiff's aid and called for medical assistance.  Plaintiff suffered a broken wrist, neck pain, migraines, blurred vision, and other ailments.

   Plaintiff states that Defendant Ahern knew that Arnold was likely to act violently against prisoners and knew that Arnold's general conduct was potentially harmful to prisoners, yet failed to protect him.

   The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted).  A prison official violates the Eighth Amendment when two requirements are met:  (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton.  *Farmer v. Brennan*, 511 U.S. 824, 834 (1994).  Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

   To be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *See Farmer*, 511 U.S. at 837.  However, an Eighth Amendment claimant need not show that a prison official

1   acted or failed to act believing that harm actually would befall an inmate; it is enough that the

2   official acted or failed to act despite his knowledge of a substantial risk of serious harm.  *See id.*

3   at 842.  Allegations in a pro se complaint sufficient to raise an inference that the named prison

4   officials acted with deliberate indifference – i.e, that they knew that plaintiff faced a substantial

5   risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it –

6   states a "failure-to-protect" claim.  *Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005).

7           Moreover, a supervisor may be liable under section 1983 upon a showing of (1) personal

8   involvement in the constitutional deprivation or (2) a sufficient causal connection between the

9   supervisor's wrongful conduct and the constitutional violation.  *Redman v. County of San Diego*,

10  942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore

11  generally "is only liable for constitutional violations of his subordinates if the supervisor

12  participated in or directed the violations, or knew of the violations and failed to act to prevent

13  them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

14          Liberally construed, Plaintiff has stated a cognizable claim of excessive force against

15  Deputy Arnold and a cognizable claim of deliberate indifference against Defendant Ahern.[2]

16  B.      Motion to Dismiss

17          Defendants initially moved to dismiss Plaintiff's claims as time-barred.  However, in

18  their reply, Defendants concede that Plaintiff's claims are timely based on statutory tolling.

19  Defendants also move to dismiss Ahern because: he cannot be liable under a respondeat superior

20  theory, Ahern is entitled to qualified immunity, and Plaintiff fails to allege that Ahern had a role

21  in Plaintiff's alleged constitutional violations.  As the Court has already discussed above,

22

23          [2]  Plaintiff also names John Does 1-10 as defendants in this action.  Although the use of
    "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*,
24  629 F.2d 637, 642 (9th Cir. 1980), situations may arise where the identity of alleged defendants
    cannot be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be
25  given an opportunity through discovery to identify the unknown defendants, unless it is clear that
    discovery would not uncover their identities or that the complaint should be dismissed on other
26  grounds.  *See id.*  Accordingly, the Doe Defendants are DISMISSED without prejudice.  Should
    Plaintiff discover their identities in a timely manner, he may move to add them to the complaint
27  at a later date.

28

Order Denying Defendants' Motion to Dismiss; Granting in Part and Denying in Part Defendants' Motion to Strike;
Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion

1  mindful of its requirement to liberally construe *pro se* petitions, Plaintiff's amended complaint

2  states a cognizable claim against Ahern.  Moreover, Plaintiff alleged that Ahern knew that he

3  faced a substantial risk of harm at the hands of Arnold, and disregarded that risk.  Taking the

4  facts in the light most favorable to Plaintiff, Plaintiff has alleged the deprivation of a clearly

5  established constitutional right such that it would be clear to a reasonable officer that his conduct

6  was unlawful.  See Pearson v. Callahan, 129 S. Ct. 808, 818 (2009).  Thus, Defendants' motion

7  to dismiss is DENIED.

8  C.      Motion to Strike Punitive Damages

9          Defendants move to strike the request for punitive damages against Ahern.  Because

10  punitive damages are unavailable as a matter of law against a defendant sued in his official

11  capacity, but are available against the same defendant sued in his individual capacity, *see*

12  *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 524 (9th Cir. 1999), Defendants' motion is

13  GRANTED in part and DENIED in part.  The request for punitive damages as against

14  Defendants sued in their official capacity is stricken, but survives as against Defendants sued in

15  their individual capacities.

16                                        **CONCLUSION**

17          For the foregoing reasons, the court hereby orders as follows:

18          1.      The Court DISMISSES without prejudice Defendants Does 1-10.  Defendants'

19  Motion to Dismiss is DENIED.  Defendants' Motion to Strike is GRANTED in part and

20  DENIED in part.

21          2.      No later than **ninety (90) days** from the date of this order, Defendants shall file a

22  motion for summary judgment or other dispositive motion with respect to the cognizable claims

23  in the complaint.

24                  a.      If Defendants elect to file a motion to dismiss on the grounds that Plaintiff

25  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

26  Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

27  F.3d 1108, 1119-20 (9th Cir. 2003).

28

Order Denying Defendants' Motion to Dismiss; Granting in Part and Denying in Part Defendants' Motion to Strike;
Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion

1          b.     Any motion for summary judgment shall be supported by adequate factual

2   documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

3   Procedure. **Defendants are advised that summary judgment cannot be granted, nor**

4   **qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion**

5   **that this case cannot be resolved by summary judgment, they shall so inform the Court**

6   **prior to the date the summary judgment motion is due.**

7          3.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and

8   served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

9          a.     In the event Defendants file an unenumerated motion to dismiss under

10  Rule 12(b), Plaintiff is hereby cautioned as follows:[3]

11           The defendants have made a motion to dismiss pursuant to Rule 12(b) of
     the Federal Rules of Civil Procedure, on the ground you have not exhausted your
12   administrative remedies.  The motion will, if granted, result in the dismissal of
     your case.  When a party you are suing makes a motion to dismiss for failure to
13   exhaust, and that motion is properly supported by declarations (or other sworn
     testimony) and/or documents, you may not simply rely on what your complaint
14   says.  Instead, you must set out specific facts in declarations, depositions, answers
     to interrogatories, or documents, that contradict the facts shown in the defendant's
15   declarations and documents and show that you have in fact exhausted your
     claims.  If you do not submit your own evidence in opposition, the motion to
16   dismiss, if appropriate, may be granted and the case dismissed.

17          b.     In the event Defendants file a motion for summary judgment, the

18  Ninth Circuit has held that the following notice should be given to plaintiffs:

19           The defendants have made a motion for summary  judgment by which
     they seek to have your case dismissed.  A motion for summary judgment under
20   Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

21           Rule 56 tells you what you must do in order to oppose a motion for
     summary judgment.  Generally, summary judgment must be granted when there is
22   no genuine issue of material fact--that is, if there is no real dispute about any fact
     that would affect the result of your case, the party who asked for summary
23   judgment is entitled to judgment as a matter of law, which will end your case.
     When a party you are suing makes a motion for summary judgment that is
24   properly supported by declarations (or other sworn testimony), you cannot simply
     rely on what your complaint says.  Instead, you must set out specific facts in
25   declarations, depositions, answers to interrogatories, or authenticated documents,

26  ─────────────────

27         [3] The following notice is adapted from the summary judgment notice to be given to pro se
     prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See*
28   *Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

Order Denying Defendants' Motion to Dismiss; Granting in Part and Denying in Part Defendants' Motion to Strike;
Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Sunnergren690srv.wpd      6

as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4.      Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

5.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.      All communications by the Plaintiff with the court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendants' counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ."  *See* Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

1    discovery in the action to obtain the information sought; or (iii) the burden or expense of the

2    proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  In order to comply

3    with the requirements of Rule 26, before deciding to promulgate discovery Plaintiff may find it

4    to his benefit to wait until Defendants have filed a dispositive motion which could include some

5    or all of the discovery Plaintiff might seek.  In addition, no motion to compel will be considered

6    by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local

7    Rule 37-1 has been satisfied.  Because Plaintiff is detained, he is not required to meet and confer

8    with Defendants in person.  Rather, if his discovery requests are denied and he intends to seek a

9    motion to compel, he must send a letter to Defendants to that effect, offering them one last

10   opportunity to provide him with the sought-after information.

11        8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

12   and all parties informed of any change of address and must comply with the Court's orders in a

13   timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

14   pursuant to Federal Rule of Civil Procedure 41(b).

15        This order terminates docket numbers 5 and 6.

16        IT IS SO ORDERED.

17   DATED:   10/27/2010                    _____
                                            *Lucy H. Koh*
18                                          LUCY H. KOH
                                            United States District Judge

19

20

21

22

23

24

25

26

27

28

Order Denying Defendants' Motion to Dismiss; Granting in Part and Denying in Part Defendants' Motion to Strike;
Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Sunnergren690srv.wpd        8